**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3081
_____

EVELIN JOHANA CERVANTES-RUBALLOS; A. N. C.-R.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency Nos. A208-140-469 & A208-140-470)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 11, 2023

Before: SHWARTZ, RESTREPO, and CHUNG, *Circuit Judges*

(Filed: August 17, 2023)
_____

**OPINION**[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RESTREPO**, *Circuit Judge*.

Petitioner Evelin Johana Cervantes-Ruballos,[1] a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeal's ("BIA") denial of her asylum, withholding of removal, and Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") claims. Petitioner worked as a legal assistant and law clerk in Guatemala's judiciary branch and sought asylum on account of the proposed particular social group ("PSG"), "current/former government employee." Petitioner contends that, in rejecting her applications, the BIA overlooked and mischaracterized both evidence on record and the law. We disagree and will deny the petition for review.

## I. BACKGROUND

Petitioner testified regarding four incidents, between 2011 and 2015, that she claims warrant relief and protection from removal. In 2011, a mob of twenty people broke into the courthouse where she worked with guns. The police responded and no one was harmed. While at work in 2012, Petitioner heard gunshots coming from outside the courthouse, but she did not know who fired them or why. The police responded and investigated, and no one was harmed. In 2015, Petitioner transferred to a different courthouse in a new town. During a protest near the courthouse, Petitioner joined the judge she worked for when he came outside to try to calm down the angry protesters. Instead, the mob broke into the courthouse. The police again responded and no one was harmed.

---

[1] Petitioner's minor daughter is a derivative of Petitioner's applications for relief and protection from removal. Resp. Br. at 3 n.1

Finally, in 2015, Petitioner thought she was being followed while driving home from school at night. She does not know who followed her or why but when she pulled into a police station, the car sped off.

Based on these incidents, Petitioner filed for asylum, withholding of removal, and CAT protection on March 2, 2016, claiming that she was persecuted on account of her status as a "current and/or former government employee[]" and would face torture if she returned to Guatemala. Resp. Br. at 3; App. at 5. The IJ denied the applications, concluding that the evidence on record did not establish past or future persecution, a protected nexus for the alleged persecution, or that it was "more likely than not" that Petitioner would face torture if removed to Guatemala. App. at 14–21. On October 5, 2022, the BIA dismissed the appeal and affirmed the IJ's order of removal. Petitioner filed a timely petition for review on November 2, 2022, seeking remand to the BIA.

## II. JURISDICTION

The BIA had jurisdiction over this matter pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). Venue is proper pursuant to 8 U.S.C. § 1252(b)(2) since the immigration court proceedings were completed within our jurisdiction, in Philadelphia, PA.

## III. STANDARD OF REVIEW

Where, as here, the BIA did not summarily affirm the Immigration Judge's ("IJ") order but instead issued a separate opinion, we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA deferred to it. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006). This Court exercises *de novo* review of constitutional

claims and the BIA's legal conclusions. *Roye v. U.S. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012).

We uphold the BIA's factual determinations "if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Yusupov v. U.S. Att'y Gen.*, 650 F.3d 968, 977 (3d Cir. 2011) (quoting *Li v. U.S. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005)). For asylum purposes, whether a petitioner has proven a well-founded fear of persecution "is a question of fact, and the agency determination must be upheld if it is supported by 'substantial evidence' in the record." *Espinosa-Cortez v. U.S. Att'y Gen.*, 607 F.3d 101, 107 (3d Cir. 2010) (citation omitted). However, deference to findings of fact is not due where the BIA's findings and conclusions are "based on inferences or presumptions that are not reasonably grounded in the record." *Ghanem v. U.S. Att'y Gen.*, 14 F.4th 237, 246 (3d Cir. 2021). The BIA may not overlook or mischaracterize material evidence that is favorable to the asylum applicant. *Espinoza-Cortez*, 607 F.3d at 107.

### IV. DISCUSSION

Petitioner contends that (1) in rejecting her asylum claim because she lacked a reasonable fear of future persecution and failed to establish a nexus between the harm she feared and her proposed PSG, the BIA overlooked her testimony, and (2) in rejecting her CAT claim, it overlooked record evidence of the Guatemalan government's acquiescence to torture via willful blindness. We review the law governing Petitioner's asylum and CAT claims and address the merits of her petition for review in turn below.

4

**A. Asylum**

The Attorney General has discretion to grant asylum to any noncitizen who "is a refugee within the meaning of section 1101(a)(42)(A)" of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(b)(1)(A). The INA defines the term "refugee" as follows:

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). Persecution is "severe" conduct, such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. I.N.S.*, 12 F.3d 1233, 1240 (3d Cir. 1993). It "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.*

Petitioner alleges that the BIA overlooked her testimony and corroborating evidence of her alleged persecution when rejecting her fear of future persecution claim. However, the BIA stated that it "cumulatively considered" the events described by Petitioner but found that she did not show harm that rose to the level of past persecution. App. at 6. Indeed, Petitioner's testimony was neither persuasive nor specific regarding persecution. She alleges hearing shots fired outside the courthouse but does not identify who was involved, why they fired those shots, nor if they had anything to do with Petitioner. Similarly, her allegation that she was followed in a car late at night while commuting between school and home lacks testimony or evidence to determine who followed

5

her, whether they knew of her status as a government employee, or why they followed her. In the other two incidents, mobs protested and broke into the courthouse during moments of civil unrest, but Petitioner does not allege that anyone targeted her specifically.

This lack of specificity is also why Petitioner fails to establish that any of the events occurred on account of her proposed PSG—"current and/or former government employees."[2] Under the asylum statute, it is critical to show that the alleged persecutor was motivated to persecute petitioner because of a protected characteristic. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (upholding finding of no nexus between harm and alleged grounds for persecution where evidence did not compel conclusion that guerillas were motivated to abduct applicant because of his political opinion rather than merely their need to recruit). There is no evidence here that any of the alleged wrongdoers were motivated by any specific animus against Petitioner, much less on the basis of her government employee status. *See, e.g.*, *Valdiviezo-Galdamez v. U.S. Att'y Gen.*, 663 F.3d 582, 609 (3d Cir. 2011) ("There must be evidence that the gang knew of [applicant's] political opinion and targeted him because of it."). Accordingly, the BIA did not legally err or arrive at any inadequately supported findings of fact in affirming the IJ's denial of asylum relief.

### B. CAT Relief

To prove eligibility for CAT relief, petitioners have the burden of showing "it is more likely than not that he or she would be tortured" in the proposed country of removal

---

[2] The BIA declined to either "endorse or reject" the proposed PSG and presumed that it was legally cognizable for purposes of the appeal. App. at 6.

by or with the acquiescence of that country. *Shardar v. Ashcroft*, 382 F.3d 318, 325 (3d Cir. 2004) (quoting 8 C.F.R. § 208.16(c)(2)). Torture refers to "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for certain invidious purposes." *Id.* at 325 n.5. An applicant "seeking relief under the CAT can establish that the government in question acquiesces to torture by showing [it] is willfully blind to a group's activities." *Silva-Rengifo v. U.S. Att'y Gen.*, 473 F.3d 58, 69 (3d Cir. 2007).

Here, Petitioner did not present evidence of torture, either physical or mental. The record contains no evidence that the Guatemalan government was aware of torture by certain groups and did not endeavor to intervene to prevent it. *Cf. id.* (finding allegations that impunity for officers of paramilitary and police forces charged with human rights abuses evidenced "willful blindness" by government). Here, the police intervened and prevented harm during the incidents.[3] Petitioner's country condition reports, which she alleges "demonstrate that the Guatemalan government is unable to combat violence against current and/or former Guatemalan government employees," do not establish that the Guatemalan government would acquiesce to torture against her. Pet'r Br. at 17. Accordingly, the BIA did not err or overlook evidence in affirming the IJ's denial of CAT relief.

## V. Conclusion

For the foregoing reasons, we will deny the petition.

---

[3] Petitioner indicates that she reported the incident to the police but does not know if they investigated because she left the country only a few days later.